Received In Person
JUN 2 1 2021
Whatcom County Elections

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY

| | |
|---|---|
| FRED A. PULPHUS, a married person, | CASE NO. 21-2-01395-31 |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | |
| COMPASS HEALTH, a Washington Corporation, WHATCOM COUNTY, WHATCOM COUNTY SHERIFF'S OFFICE, and WENDY JONES | |
| Defendants. | |

COMES NOW, Plaintiff, Fred A. Pulphus, by and through his undersigned attorneys against Defendants as follows:

## I. PARTIES

1.1 Plaintiff Fred A. Pulphus ("Pulphus" or "Plaintiff") resides in Custer, Washington. Pulphus is Black and is a member of a protected class under the Washington Law Against Discrimination, RCW 49.60, et seq.

1.2 Defendant Compass Health ("Compass" or "Defendant") is a Washington corporation with its principal office in Everett, Washington.

1.3 Compass employs at least eight employees. During all relevant times, Compass is the employer of Pulphus within the meaning of RCW 49.60, et seq.

1.4 At all times material to this Complaint, Defendants Whatcom County and Whatcom County Sheriff's office oversaw and were in charge of all activities at the Whatcom County Jail, located in Bellingham, Washington. Defendants Whatcom County and Whatcom County Sheriff's Office are governmental entities or departments duly organized and existing under the laws of the state of Washington and are independently and/or vicariously liable for the tortious and illegal conduct of their officers, managers, directors, and employees, and for their policies and practices that violate Washington law or federal law.

1.5 At all times material to this complaint, Wendy Jones ("Jones") was purporting to act in her official capacity as Whatcom County's Chief Corrections Deputy and director in charge of all activities at the jail. Hereinafter, Defendants Whatcom County, Whatcom County Sheriff's Office, and Wendy Jones are collectively referred to as "Jail Defendants".

## II. VENUE AND JURISDICTION

2.1 Venue is appropriate under RCW 4.12.025 because Snohomish County is where Compass' headquarters is located, where Compass has an office for the transaction of business, where Compass transacted business at the time the cause of

Amended Complaint
Page 2 of 14.

**Cha & Alexander Law Firm, P.S.**
2319 ELM ST. BELLINGHAM, WA 98225
TELEPHONE: (360) 392-2872

1  action arose, and where some decisions and actions pertinent to causes of action pled
2  herein occurred.
3      2.2    This Court has jurisdiction over this matter under RCW 4.28.020 and
4  RCW 4.28.080. The Superior Court of Snohomish County, State of Washington, has
5  subject matter jurisdiction over this action under RCW 2.08.010.
6
7                                III.    **FACTS**
8  **Background**
9      3.1    Plaintiff re-alleges all the preceding paragraphs of the Complaint and
10  hereby incorporates the same by reference.
11      3.2    Pulphus has worked in the mental health field for over 20 years.  His
12  career began in Whatcom County in 1985, working with youth involved in the criminal
13  justice system. In December of 2018, Compass recruited Pulphus to work at the jail
14  based on his experience and skill working with youth and vulnerable populations.
15      3.3    After interviewing with Compass, Compass offered Pulphus a job at the
16  Whatcom County Jail on the "Jail/Juvenile Behavioral Health Team" (JJBHT) as a
17  Mental Health Professional. Pulphus understood that this job not only advanced his
18  career but would enable him to do the work about which he was most passionate:
19  working with incarcerated youth. Pulphus accepted the position.
20      3.4    Compass provides behavioral and mental health services to adult and
21  youth inmates at the jail for Whatcom County. Compass is part of a healthcare team,
22  along with nurses and medical providers.
23      3.5    On or around January 23, 2020, Defendants banned Pulphus from the
25  jail, so that he could not work there.
26
27  **Defendants Subject Pulphus to Racial Discrimination, Retaliation, and**
28  **Hostile Work Environment**
29      3.6    At the initial interview, the Compass manager of the JJBHT program,
30  Laura Savage stated, "I fucking hate that shit" and, "He is full of shit". Savage's

statement was in response to Pulphus' observation and remark that he was the only Black person at the interview. Compass offered him the job at the jail, and Pulphus accepted. He started working at the jail on or around December 17, 2018.

3.7   Defendants prejudged Pulphus as being inferior and incapable when he started working at the jail. Compass personnel demeaned, ignored, sidelined, and spoke aggressively toward him. They withheld basic information, professional courtesies, collaboration, and training.

3.8   A swastika and other likely racist symbols were left at a table where Pulphus was known to eat in a break room at the jail, for him to find.

3.9   A co-worker, Heidi Zosel, singled out Pulphus and accused him of eating donuts with his "bare hands", even though this was normally how other people ate the donuts. This racist comment implied that it was dirty for Pulphus to do this because he was Black, but not dirty or uncouth when White people ate donuts with their bare hands.

3.10   Several times, Savage referred to Pulphus and Nicole Torres, Pulphus' direct supervisor, as "homies", simply because they were both Black.

3.11   Regularly, Savage and others presumed that Pulphus was at fault for errors without asking him about them or investigating. Compass' false statements regarding presumed errors by Pulphus were published to others inside and outside Compass and the jail.

3.12   At a company event, where vendors offered free things, Savage collected an armful of them saying to Pulphus, "It's the Mexican in me." Savages' comment to Pulphus arises from racist stereotypes that people of color are poor or cheap.

3.13   In response to hearing that Pulphus asked to use a company car instead of his own for travel for work, Savage commented, "Is Fred ghetto?"

3.14   At a meeting with Savage and other Compass members of the JJBHT, Zosel stated that she could get Pulphus fired and that she would tell colleagues to help her fire Pulphus from the jail.

**Management and Jail Defendants Knew of the Racism**

3.15 On or around February of 2019, Pulphus reported to Torres, his direct supervisor, that Zosel and Alyson Batcheler-Bestle, a co-worker, were harassing and making racist comments about him.

3.16 Pulphus also reported to Savage that Zosel was telling others that she can get Pulphus fired. In response, Savage acknowledged that "Heidi and Alyson are bullies" but took no meaningful action.

3.17 Pulphus complained to Defendant Jones about Zosel and Batchelder-Bestle's harassment and racially-motivated actions targeting Pulphus. Jail Defendants did not address his concerns.

3.18 Pulphus also called the hotline provided by Compass and reported the harassment, hostility, and discrimination he was experiencing at the jail.

3.19 In May of 2019, Torres reported to Savage that Zosel was harassing and racially discriminatory toward Pulphus. Savage scoffed and stated in response that there was "Black privilege at Compass", implying that Pulphus was receiving privileges over White employees because he was Black.

3.20 Torres reported to the upper management at Compass that Savage and co-workers discriminated against Pulphus, including reports she made in August and September of 2019. The reports included a report to Chris Starets-Foote and Cynthia Kahler, management at Compass. In regards to Torres' the reports, Savage replied that Pulphus needed to get "thicker skin." Again, Savage asked if Torres and Pulphus were "homies," and stated something to the effect that if they were homies, Torres would not know how to be professional or unbiased which could be a problem.

3.21 In September of 2019, management was specifically notified of several instances of discrimination. Management was notified that Savage told Torres, "I thought that you were all homies" when Savage asked Torres if she knew where Pulphus was, and Torres replied that she did not know. Also, Torres reported that Zosel was aggressively targeting Pulphus, harassing him, and trying to get rid of him.

3.22 Zosel had stated that she is "friends with everyone at the jail" and she can get people "fired" from the jail. Also, Zosel's brother-in-law was a Whatcom County

Sheriff's deputy. At one staff meeting with Savage present, Zosel slammed her fist and shouted that she will make sure that her friends at the jail report Pulphus.

3.23   Pulphus continued to seek help from Defendants and made numerous reports about the racism and harassment he suffered, including to the CEO of Compass. On November 11, 2019, Pulphus emailed and met with LaJolla Peters, Compass Human Resources, about the on-going discrimination and hostility at work.

3.24   Jail Defendants were aware that Pulphus had complained to Compass about Zosel and Batchelder-Bestle and that Compass employees and management no longer wanted Pulphus to work at the jail.

3.25   On or around March 17, 2020, Pulphus filed a charge of discrimination against Compass with the U.S. Equal Employment Opportunity Commission and the Washington State Human Rights Commission.

3.26   On or around April 7, 2020, Pulphus filed a grievance with his union against Zosel, Batchelder-Bestle, and Savage for discrimination and requested that Defendants lift the ban from the jail.

**Hostile Work Environment Continues**

3.27   Compass employees and managers attributed mistakes to Pulphus that he did not make. To or in front of others, Compass made statements to the effect that he was incompetent or stupid.

3.28   On or around January 23, 2020, BreAnna Brock, a nursing supervisor at the jail, and friend of Zosel, told Jail Defendants something to the effect that Pulphus breached an inmate's privacy in sharing extremely personal information with other members of the healthcare team and people outside the healthcare team. As a result of the charge, Jail Defendants banned Pulphus from the jail.

3.29   Jail Defendants' implementation of the ban was arbitrary and capricious. Jail Defendants implemented the ban, in whole or in part, in retaliation for Pulphus' complaints to Defendants Jones and Compass about Zosel and Batchelder-Bestle's discriminatory actions toward Pulphus.

3.30 Jail Defendants communicated the ban to Savage. Savage called Pulphus as he was going to work at the jail. This was the first time Pulphus learned that Jail Defendants had banned him. Pulphus was not given any notice or opportunity to be heard regarding the charges.

3.31 Defendant Whatcom County stated later, in February of 2021, that it provided Compass, via Savage, information indicating that the Jail Defendants were open to working with Compass to reinstate Pulphus' access to the jail. Jail Defendants alleged in February of 2021 that they prevented Pulphus from working at the jail due to a reported violation of federal and state laws.

3.32 The charge was false. Pulphus explained the incident and asked Compass to help reinstate him at the jail. He explained how important the job and working with juveniles was to him. In February 2020, he met with management at Compass who he understood was going to take action. They did not.

3.33 On multiple occasions, sheriff's deputies approached Pulphus telling him information that they had heard about him relating to the allegations and the ban, which information was incorrect. On information and belief, this false information originated from Compass and Jail Defendants.

3.34 Even though Pulphus asked Compass multiple times to take action, including enlisting help from his union, Compass did not take meaningful action. Compass denied Pulphus the process and disciplinary practices and policies extended to other employees. Compass' treatment of Pulphus was discriminatory and harsher than Compass' treatment of other employees.

3.35 In retaliation for complaining about discrimination and hostile work environment, Compass refused to take meaningful action regarding the ban and transferred Pulphus to another facility under the supervision of Lisa Zurek, Compass manager. Zurek had previously expressed her dislike for Pulphus.

3.36 Compass' discrimination, harassment, and hostility continued after the ban, including singling out Pulphus for additional weekly one on one, in-person meetings

1  with Zurek, during the Covid-19 pandemic. These meetings have been required for
2  approximately one year and are on-going.

3      3.37   Compass and Jail Defendants made, allowed, or sanctioned their agents'
4  untrue statements to third parties about Pulphus, his character, the charges relating to
5  the ban, his work at Compass, the jail, and his clients.

6      3.38   Compass' actions have denied Pulphus access to promotion, pay
7  increase, lost income, employment opportunities and career opportunities, now and in
8  the future.

## IV. ADMINISTRATIVE AND NOTICE REQUIREMENTS

Plaintiff submitted a tort claim form for damages to Whatcom County on January 29, 2021. More than sixty days have passed since the presentment of those claims. Accordingly, Plaintiff has exhausted the waiting period requirement, satisfied the requirements of RCW 4.96.020, and the claims are properly before the Court.

## V. FIRST CAUSE OF ACTION (AGAINST COMPASS HEALTH) – VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION

5.1   Plaintiff re-alleges all preceding paragraphs of the Complaint and hereby incorporates the same by reference.

5.2   The Washington Law Against Discrimination, RCW 49.60 *et. seq.* ("WLAD"), establishes that it is a civil right in Washington to be free from discrimination in the workplace based on a protected status, including race. The law forbids all forms of discrimination, retaliation, hostile work environment, and disparate treatment.

5.3   Compass discriminates against Pulphus and creates a hostile work environment because of his race and retaliates against Pulphus for protected activity, all in violation of the WLAD, RCW 49.60.

5.4   As a direct and proximate result of Compass' unlawful acts and omissions, Pulphus sustained injuries and damages, to include but not limited to lost wages, loss of enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury

and suffering, harm to reputation, loss of employment opportunities, and other non-economic damages in an amount to be proven at trial.

## VI.   SECOND CAUSE OF ACTION (AGAINST WENDY JONES) – VIOLATION OF DUE PROCESS, 42 U.S.C.A. § 1983

6.1   Plaintiff re-alleges all preceding paragraphs of the Complaint and hereby incorporates the same by reference.

6.2   The Fourteenth Amendment to the United States Constitution guarantees that no "State [shall] deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. const., amend. XIV, §1, cl. 3.

6.3   Pulphus' right to pursue the lawful career of his choice without arbitrary interference is a well and clearly established interest protected by the Due Process clause.

6.4   Jail Defendants violated Pulphus' right to Due Process to protect his liberty and property interests and abused governmental power when they failed to provide protection against arbitrary banning from work at the jail, failed to investigate or adequately investigate the charge, failed to give advance notice of the pendency or contemplation of a ban or of the charges and evidence which allegedly gave rise to the concern prior to the ban, and failed to give Pulphus a meaningful opportunity to speak in his own defense. Jail Defendants disclosed the charges publicly, impairing Pulphus' reputation for honesty and morality.

6.5   Jail Defendants are state actors and as such are required to provide Due Process of law when depriving people of their liberty or property interests in their rights to pursue the lawful career of their choice.

6.6   Jail Defendants banned Pulphus from working at the jail without Due Process in violation of federal and state laws and public policies. Defendants violated Pulphus' substantive and procedural Due Process rights to be free from arbitrary and

capricious government action affecting his ability to pursue the lawful career of his choice.

    6.7    Defendant Jones acted maliciously and with ill will, intentionally, knowingly, and/or with reckless or with callous disregard and/or deliberate indifference to Pulphus' constitutional rights.

    6.8    As a direct and proximate result of Jail Defendants' Due Process violations, Pulphus sustained injuries and damages, to include but not limited to lost wages, loss of enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury and suffering, harm to reputation, loss of employment opportunities, and other non-economic damages in an amount to be proven at trial.

    6.9    Jail Defendants' acts and omissions, complained of above, were taken under color of law. These actions violated clearly established rights under the Fourteenth Amendment.

    6.10    Pulphus is entitled to attorneys' fees, costs, and punitive damages.

## VII. THIRD CAUSE OF ACTION (AGAINST WENDY JONES) – VIOLATION OF EQUAL PROTECTION, 42 U.S.C.A. § 1983

    7.1    Plaintiff re-alleges all preceding paragraphs of the Complaint and hereby incorporates the same by reference.

    7.2    The Fourteenth Amendment to the United States Constitution guarantees that no "State [shall] deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. const., amend. XIV, §1, cl. 3.

    7.3    Jail Defendants treated Pulphus unequally, failed to investigate, or adequately investigate, and deprived him of process and career choices afforded to others similarly situated because he is Black.

    7.4    The right to be treated equally and to be afforded Equal Protection of the law is a well and clearly established right.

7.5     The actions of Jail Defendants, complained of above, were taken under color of law. These actions violated clearly established rights under the Fourteenth Amendment.

7.6     Defendant Jones acted maliciously and with ill will, intentionally, knowingly, and/or with reckless or callous disregard and/or deliberate indifference to Pulphus' constitutional rights.

7.7     As a direct and proximate result of Jail Defendants' Equal Protection violations, Pulphus sustained injuries and damages, to include but not limited to lost wages, loss of enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury and suffering, harm to reputation, loss of employment opportunities, and other non-economic damages in an amount to be proven at trial.

7.8     Pulphus is entitled to attorneys' fees, costs, and punitive damages.

## VIII.    FOURTH CAUSE OF ACTION (AGAINST WHATCOM COUNTY, WHATCOM COUNTY SHERIFF'S OFFICE, AND WENDY JONES) – TORTIOUS INTERFERENCE

8.1     Plaintiff re-alleges all preceding paragraphs of the Complaint and hereby incorporates the same by reference.

8.2     Jail Defendants knew of Pulphus' valid contractual employment relationship with Compass. Pulphus had a reasonable expectation that he would continue in his employment with Compass to provide behavioral health to adult and youth inmates at the jail with mental health and substance abuse issues.

8.3     Jail Defendants' actions interfered with Pulphus' ability to continue working with incarcerated youth and adults with mental health and substance abuse issues.

8.4     Jail Defendants' interference was wrongful and retaliatory. Jail Defendants' deprived Pulphus of Due Process, process afforded by Washington law, and process and treatment afforded to others similarly situated. Jail Defendants' interference was motivated in whole or in part by a desire to interfere with Pulphus' contractual relationship and reasonable expectancy that he would continue working at the jail.

8.5     As a direct and proximate result of Jail Defendants' tortious interference, Pulphus sustained injuries and damages, to include but not limited to lost wages, loss of enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury and suffering, harm to reputation, loss of employment opportunities, and other non-economic damages in an amount to be proven at trial.

### IX.     FIFTH CAUSE OF ACTION (AGAINST WHATCOM COUNTY, WHATCOM COUNTY SHERIFF'S OFFICE, AND WENDY JONES) – VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION

9.1     Plaintiff re-alleges all preceding paragraphs of the Complaint and hereby incorporates the same by reference.

9.2     The Washington Law Against Discrimination, RCW 49.60 *et. seq.* ("WLAD"), establishes that it is a civil right for any inhabitant in the state to be free from discrimination based on a protected status, including race. The WLAD forbids all forms of discrimination including retaliation, hostile work environment, and disparate treatment when it is based on a person's status in a protected class under WLAD.

9.3     Jail Defendants' actions, including the ban, denial of equal treatment, and denial of process, were discriminatory against Pulphus on account of his race.

9.4     Jail Defendants aided and abetted Compass, and furthered Compass' interest in ending Pulphus' work at the jail. In the alternative, Jail Defendants incited Compass' discriminatory and retaliatory actions against Pulphus.

9.5     Jail Defendants' actions violated Pulphus' right to engage in commerce free from a discriminatory blacklist.

9.6     Jail Defendants banned Pulphus, denied him process, and denied him equal treatment in retaliation for Pulphus' complaints of discrimination.

9.7     Jail Defendants discriminated against Pulphus because of his race, created a hostile work environment, and retaliated against Pulphus for protected activity, all in violation of the WLAD, RCW 49.60.

9.8 As a direct and proximate result of Jail Defendants' unlawful conduct, Pulphus sustained injuries and damages, to include but not limited to lost wages, loss of enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury and suffering, harm to reputation, loss of employment opportunities, and other non-economic damages in an amount to be proven at trial.

## X. SIXTH CAUSE OF ACTION (AGAINST WHATCOM COUNTY, WHATCOM COUNTY SHERIFF'S OFFICE, AND WENDY JONES ) – NEGLIGENCE

10.1 Plaintiff re-alleges all preceding paragraphs of the Complaint and hereby incorporates the same by reference.

10.2 Jail Defendants owed Pulphus a duty to use reasonable care in investigating the charge against him, in coming to the decision to ban him from working in the jail, and in avoiding negligent infliction of emotional distress. Jail Defendants failed to do so.

10.3 As a direct and proximate result of Jail Defendants' breaches, Pulphus sustained injuries and damages, to include but not limited to lost wages, loss of enjoyment of life, traumatic stress, anxiety, mental anguish, mental injury and suffering, harm to reputation, loss of employment opportunities, and other non-economic damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. Damages in an amount to be determined at trial, including by not limited to emotional pain, suffering, loss of enjoyment/quality of life, humiliation, and distress;

B. Damages for lost compensation and future pecuniary losses, including but not limited to unpaid wages and benefits, both past and future, including front pay and back pay, in an amount to be determined at trial,

C. Punitive damages in an amount to be determined at trial;

D. Costs and reasonable attorneys' fees incurred with this lawsuit as permitted under the WLAD, RCW 49.60, 42 U.S.C.A. § 1983, and other applicable law;

E. Compensation for the tax penalty associated with any recovery;

F. Award of pre-judgment interest and post-judgment interest to the fullest extent allowed by law; and

G. Such other and further relief as the Court deems just and equitable.

DATED June 21, 2021.

Cha & Alexander Law Firm, P.S.

_____
Y. Junga Cha, WSBA #35147
Edward S. Alexander, WSBA #33818
Attorneys for Plaintiff