The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

FRED A. PULPHUS, a married person,

    Plaintiff,

vs.

COMPASS HEALTH, a Washington Corporation, WHATCOM COUNTY, WHATCOM COUNTY SHERIFF'S OFFICE, and WENDY JONES

    Defendants.

NO. 2:21-CV-00930

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

### A. General Principles

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

### B. ESI Disclosures

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians</u>. The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (e.g., shared drives, servers), if any, likely to contain discoverable ESI. These lists can identify the databases that are likely to contain discoverable structured data.

3. <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
PROPOSED ORDER Page 2 of 9
No. 2:21-CV-00930

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
Telephone: (360) 392-2872

4.  <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Section (D)(3) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

5.  <u>Foreign data privacy laws</u>. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, e.g., the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C. ESI Discovery Procedures**

1.  <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.  <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

   a.  Prior to running searches:

      i.  The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
PROPOSED ORDER Page 3 of 9
No. 2:21-CV-00930

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
Telephone: (360) 392-2872

     ii. The requesting party is entitled to, within 14 days of the producing party's disclosure, add no more than 10 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

     iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query. A search that returns more than (250) megabytes of data, excluding Microsoft PowerPoint files, audio files, and similarly large file types, is presumed to be overbroad.

   b. After production: Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

   c. Upon reasonable request, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart

for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

  3. <u>Format</u>.

    a. ESI will be produced to the requesting party with searchable text, in a PDF format, unless otherwise agreed by the parties. Other acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), when applicable.

    b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

    c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

    d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

  4. <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

  5. <u>Email Threading</u>. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related

family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

**D. Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

1                    e.      Back-up data that are duplicative of data that are more accessible
2  elsewhere.

3                    f.      Server, system or network logs.

4                    g.      Data remaining from systems no longer in use that is unintelligible
5  on the systems in use.

6                    h.      Electronic data (e.g., email, calendars, contact data, and notes)
7  sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a
8  copy of all such electronic data is automatically saved in real time elsewhere (such as
9  on a server, laptop, desktop computer, or "cloud" storage).

10        **E. Privilege**

11        1.      A producing party shall create a privilege log of all documents fully
12 withheld from production on the basis of a privilege or protection, unless otherwise
13 agreed or excepted by this Agreement and Order. Privilege logs shall include a unique
14 identification number for each document and the basis for the claim (attorney-client
15 privileged or work-product protection). For ESI, the privilege log may be generated
16 using available metadata, including author/recipient or to/from/cc/bcc names; the
17 subject matter or title; and date created. Should the available metadata provide
18 insufficient information for the purpose of evaluating the privilege claim asserted, the
19 producing party shall include such additional information as required by the Federal
20 Rules of Civil Procedure. Privilege logs will be produced to all other no later than 30
21 days after delivering a production.

22        2.      Redactions need not be logged so long as the basis for the redaction is
23 clear on the redacted document.

24        3.      With respect to privileged or work-product information generated after
25 the filing of the complaint, parties are not required to include any such information in
26 privilege logs.

27

4. With respect of privileged communications between a party to this action and that party's attorney, or the attorney's law firm, to the extent that the attorney or law firm, represents, or represented the party in this action, parties are not required to include any such information in privilege logs.

5. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

6. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

DATED: September 21, 2021

s/ Y. Junga Cha
s/ Edward S. Alexander
Per 8/26/21 email
Y. Junga Cha, WSBA #35147
Edward S. Alexander, WSBA #33818
CHA & ALEXANDER LAW FIRM, P.S.
(360) 392-2872
junga@chaalexander.com
edward@chaalexander.com
Attorneys for Plaintiff

s/ George Roche
Per 8/26/21 email
George Roche, WSBA #45698
Whatcom County Prosecuting Attorney
(360) 778-5710
groche@co.whatcom.wa.us
Attorney for Defendants Whatcom County, Whatcom County Sheriff's Office, and Wendy Jones

s/ Benjamin J. Stone
s/ Hannah Driscoll
Per 8/26/21 email
Benjamin J. Stone, WSBA #33436
Hannah Driscoll, WSBA #56853
Lewis Brisbois Bisgaard & Smith LLP
(206) 436-2020
Benjamin.Stone@lewisbrisbois.com
Hannah.Driscoll@lewisbrisbois.com
Attorneys for Defendant Compass Health

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this 21st day of September, 2021.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE