UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRED A PULPHUS,

                Plaintiff,

v.

COMPASS HEALTH, WHATCOM COUNTY, WHATCOM COUNTY SHERIFF'S OFFICE, WENDY JONES,

                Defendants.

CASE NO. 2:21-cv-00930-TL-BAT

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

This case has been referred to the undersigned Magistrate Judge for all non-dispositive pretrial matters pursuant to Rule 72(a) and 28 U.S.C. § 686(b)(1)(A). Before the Court is Defendant Compass Health's Motion for Protective Order Limiting Topics for Fed. R. Civ. P. 30(b)(6) Deposition. Dkt. 21. The Court grants the motion as detailed herein.

BACKGROUND

A.    Plaintiff's Allegations

Plaintiff is employed with Compass Health as a mental health clinician. Dkt. 22, Declaration of LaJolla Peters, p. 1. Compass Health is a non-profit, community-based health care agency focused on integrating behavioral health and medical care services. *Id*. Compass Health provides services throughout northwest Washington, including services to vulnerable persons in jail settings and other low-income community-based programs. *Id*.

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER - 1

Until January 2022, Plaintiff was employed by Compass Health at the Whatcom County Jail (the "Jail") on the Jail/Juvenile Behavioral Health Team ("JJBHT") as a Mental Health Professional. Dkt. 1-2, p. 3. Plaintiff was required to have access to the Jail, which was provided by Jail Administrator Wendy Jones. Ms. Jones has the authority to rescind that access at any time for any reason related to the safety or security of the Jail and Jail staff. *Id*. at 2.

In January 2020, an employee reported to Ms. Jones that Plaintiff improperly went to the juvenile jail, read the file of a juvenile detainee, and later shared details of the file with his coworkers in the Jail breakroom. Dkt. 22, Peters Decl. p 2. Ms. Jones revoked Plaintiff's Jail access based on Plaintiff's breach of the juvenile detainee's rights to medical confidentiality and Compass Health transferred him to a similar position with the same pay and benefits. *Id*. Plaintiff asserts this charge was false, was improperly investigated, and Compass Health failed to take proper action in response, even after he went to his union SEIU, to assist in encouraging Compass Health to take action regarding the discrimination. *Id*. p. 7.

Plaintiff alleges that he was subjected to racial discrimination, retaliation, and hostile work environment, which began at the time of his hire. He alleges that co-workers "demeaned, ignored, sidelined, and spoke aggressively toward him" and withheld basic information, professional courtesies, collaboration, and training from him. Dkt. 1-2, p. 4. Plaintiff alleges racial comments and conduct by co-employees, *inter alia*, co-worker Heidi Zosel accusing him of eating donuts with his "bare hands;" Laura Savage referring to Plaintiff and his supervisor Nicole Torres as "homies;" Laura Savage and "others" presuming that he was at fault for errors; Laura Savage collecting free samples at a company event saying, "It's the Mexican in me"; Laura Savage asking "Is Fred ghetto?" when she learned that he asked to use a company car; and Heidi Zosel saying that she could get Plaintiff fired from the Jail. Dkt. 1-2, p. 4. In May of 2019,

when Nicole Torres reported to Laura Savage that Heidi Zosel was harassing and racially discriminatory toward Plaintiff, Laura Savage "scoffed and stated …that there was Black privilege at Compass." Plaintiff also alleges that "upper management" at Compass Health, including Chris Starets-Foote and Cynthia Kahler, were notified of the discrimination in reports of Nicole Torres. Dkt. 1-2, pp. 5-6.

Plaintiff made numerous reports of the racism and harassment, including "to the CEO of Compass" and on November 11, 2019, Plaintiff emailed and met with LaJolla Peters, Compass Human Resources. *Id.*, p. 6. Plaintiff claims that he reported the alleged discriminatory conduct to his supervisor, but the conduct continued. *Id*. The continued problems were centered around Plaintiff's coworkers, Allison Batchelder-Bestle and Heidi Zosel, and supervisor Laura Savage. *Id*. at 5.

On March 17, 2020, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.*, at 6-7. A month later, Plaintiff made a complaint with his union, SEIU. *Id*. On June 21, 2021, Plaintiff filed an Amended Complaint against Compass Health, Whatcom County the Whatcom County Sheriff's Office, and Wendy Jones. Dkt. 1-2, pp. 1-14. Plaintiff asserts six claims against Compass Health including hostile work environment and retaliation based on his race in violation of Washington's Law Against Discrimination, chapter 49.60 RCW. Dkt. 1-2.

B.      Prior Discovery

Compass Health has responded to Plaintiff's written interrogatories relating to Compass Health's EEOC response. Dkt. 24, p. 1. Compass Health also produced documents in response to Plaintiff's Requests for Production, including the personal files of Laura Savage, Greg Melrose, Lisa Zurek, Heidi Zosel, Alyson Batchelder-Bestle, Chris Starets-Foote, and Tim Raymond;

communications relating to Plaintiff's jail access or breach of confidentiality; communications between employees at issue; documents and communications regarding breaches of confidentiality with other employees; correspondence between Compass Health and Whatcom County; documents which establish who was present at the time of the alleged breach; meeting notes related to Plaintiff; blueprints and floor plans of the jail; overtime Plaintiff worked; pay charts and schedules according to the union contract; emails which mention "jail access" or "ban;" demographic data collected in accordance with the union contract; training information and curricula. *Id.* at pp. 1-2.

## DISCUSSION

A.  Rule 30(b)(6)

Pursuant to Fed. R. Civ. P. 30(b)(6), a party may serve notice on an organization that describes "with reasonable particularity the matters on which examination is requested." The noticed organization must then "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons so designated shall testify as to the matters known or reasonably available to the organization." *Id.*

"Once the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); *see also U.S. E.E.O. V. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [and proportional to the needs of the case.]" The scope of discovery permissible under Rule 26 should be liberally

construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). However, Fed. R. Civ. P. 26(b)(2)(C) provides that a court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) [the proposed discovery is outside the scope permitted by Rule 26(b)(1)]."

Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D. Cal. 1995); *see also Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Courts must also consider "the relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics*, 481 F.2d at 1212. Under the liberal discovery principles of the Federal Rules, a party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

B.  <u>Plaintiff's 30(b)(6) Deposition Notice</u>

On December 27, 2021, Plaintiff served a Notice of Deposition Under CR 30(b)(6) on

Compass Health, which contains 19 topics of inquiry. Dkt. 24, Decl. of Benjamin Stone, Exhibit A. Between January 11 and 14, 2022, counsel exchanged emails and conferred but were unable to agree on the scope of the topics of inquiry. *Id.*; 25-2, Declaration of Y. Junga Cha, Exhibits 4-10. At issue are Topics 1, 3. 4, 6, 9, 12, 14, and 16.

      1.     <u>Topic 1</u>

In Topic 1, Plaintiff seeks to depose Compass Health's corporate designee(s) as to the "organizational structure, revenue, and financial information of Compass Health." Plaintiff has agreed to narrow Topic 1 to the timeframe of January 1, 2015 to the present, and to the following areas of inquiry:

    1.    how much Compass spent on training (for managers, supervisors, and staff) to address racism, discrimination, harassment, diversity, equal treatment, equity, and inclusion;
    2.    Salaries and compensation of Heidi Zosel, Alliston Batchelder-Bestle, Laura Savage, Nichole Torres, Greg Melrose, LaJolla Peters, and Tom Sebastian;
    3.    Income received as a result of the JJBHT program and the Jail/Juvenile Behavior Health Team contract;
    4.    Annual gross and net income.

Dkt. 25, p. 6. Plaintiff contends the requests will provide "context" for the jury of Compass' corporate culture and "how the corporation spends its money should be a primary consideration in understanding Compass' priorities as they relate to racism." Compass argues that its revenue and finances are not relevant and are disproportionate to the needs of this case. The Court agrees.

Plaintiff's claims in this case are narrow. He claims harassment by three Compass employees – Heidi Zosel, Alyson Bestle, and Laura Savage – and the decision by Jail Administrator Wendy Jones to revoke Plaintiff's access to the Jail. Plaintiff was not terminated, but placed in a similar position, with similar tasks, and similar pay and benefits and he has not brought a wage discrimination claim. Thus, the finances of Compass Health, including higher

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER - 6

level financial information such as net assets, amount spent on training, the CEO's salary, or other non-comparable positions, do not help support or negate Plaintiff's argument that he was treated differently due to his race nor do they tend to prove or disprove that Plaintiff was subjected to a hostile work environment due to his race. Additionally, Compass Health argues that this area of inquiry is out of proportion with the needs of the case as it would take three to five days and require two employees, who are currently unavailable, to find the information requested. Dkt. 21, p. 9; Dkt. 22, Declaration of LaJolla Peters, p. 2. According to Ms. Peters, Compass Health focuses on providing mental health resources throughout the Pacific Northwest, and its resources are stretched thin as it is a non-profit and its filing systems and organization are not ideal, making it more difficult to find documents. *Id*. The COO and Director of Financial Planning and Analysis have access to this information but are currently unavailable due to illness and personal leave. *Id*. Upon their return, these employees will need to spend a significant amount of time digging through spreadsheets and employee files. *Id*. For example, a determination of the amounts spent on training requested by Plaintiff, requires review of every employee file and review by the training and purchasing teams to gather all relevant data.

Given that this information it not relevant to Plaintiff's claims and due the time and effort placed on Compass Health's resources to obtain information that has no real bearing on Plaintiff's claims, the Court grants Compass Health's motion for protective order as to Topic 1.

    2.    <u>Topic 3</u>

In Topic 3, Plaintiff seeks to depose Compass Health's corporate designee(s) as to "Agreements and relationship with SEIU, including collective bargaining agreements."

Plaintiff has agreed to limit this topic to the time period of January 1, 2019 to the present as to Compass Health's "policies, practice, actions, and obligations" relating to any issues raised

by union members; compliance with union and collective bargaining agreements including addressing issues of racism, discrimination, harassment, diversity, equal treatment, equity, and inclusion; pay scales and compensation; and pay and compensation of Heidi Zosel, Allison Batchelder-Bestle, Laura Savage, Nicole Torres, Greg Melrose and Fred Pulphus. Plaintiff argues that this information is relevant because he and other union members sought to have "multiple matters addressed by Compass, including the lifting of the Whatcom County Jail access suspension, and harassment and discrimination by co-workers." Dkt. 4, p. 7.

Compass Health argues that this request is not relevant to Plaintiff's discrimination complaints as he does not allege that his union agreement was a source of discrimination. Further, Compass Health produced the SEIU contract to Plaintiff, which sets out the clear policies and practices relating to compliance.

The Court agrees that Topic 3 is vague and overly broad. The SEIU contract is not in dispute and the salary information requested has no bearing on Plaintiff's claims. If Plaintiff wishes to pursue Topic 3, he must define those sections of the SEIU contract upon which he seeks to depose the corporate designee and clearly state the time period, scope, and intent. If there is further concern about Topic 3 after Plaintiff serves Compass Health with the revised Topic 3, the parties should meet and confer before asking for the Court's intervention.

    3.    <u>Topic 4</u>

In Topic 4, Plaintiff seeks to depose Compass Health's corporate designee(s) as to "all agreements relationship with Whatcom County, including the Sheriff's Office and the JJBHT."

Plaintiff has agreed to limit Topic 4 to the period from January 1, 2015 to the present and "the contracts applicable to Pulphus' coworkers, predecessors, and successors at the Jail (including adult, juvenile, and work center), including the Jail/Juvenile Behavioral Health Team

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER - 8

Contract and Memorandum of Agreement." Plaintiff states that Compass Health "agreed to find and provide the names and general nature of the contracts which may be relevant to allow [plaintiff] to narrow this further to what contracts would be applicable to Fred Pulphus," but failed to provide such list. Dkt. 25, p. 8.

According to Compass Health, Plaintiff worked under only one contract – the contract between Whatcom County and Compass Health for the provision of mental health services to inmates at the Jail, and this contract was produced to Plaintiff. Dkt. 21, p. 10.

The Court agrees that the contract governing the work *Plaintiff* performed at the Jail is relevant to Plaintiff's claims and questions surrounding Plaintiff's alleged violation of his obligations at the Jail, and as to any investigation performed by the Jail, Whatcom County, and Compass Health. Accordingly, the Court grants Compass Health's motion for protective order as to Topic 4 to limit the topic to the contract governing Plaintiff's work from the time of his hire to the present.

    4.    <u>Topic 6</u>

In Topic 6, Plaintiff seeks to depose Compass Health's corporate designee(s) as to "Wages and benefits available to employees who continued to work for Defendant on the JJBHT at the Whatcom County Jail between the date Plaintiff was hired or assigned to work as a member of the JJBHT to the present." Plaintiff argues that this information is relevant because to "understand the full extent of his economic loss, the jury may need to be informed as to the pay and benefits received by others in this former position…" and "if the evidence shows that similarly situated workers were paid more for substantially similar work, [he] may have additional damages." Dkt. 25, p. 10. Plaintiff contends that Compass Health failed to confer as to

Topic 6 and its motion should be denied on that basis.[1]

The information Plaintiff seeks is not relevant to his claim of racial discrimination based on harassment by three employees and the decision of Ms. Jones to revoke his access to the Jail. Plaintiff does not allege that he was not paid in accordance with his contract or similarly situated employees and the record reflects that Compass Health has already produced wage information for similarly situated employees. Wage information of employees under the same contract but in non-comparable positions will not tend to prove or disprove that Plaintiff was discriminated against and is not relevant to Plaintiff's economic loss. Plaintiff's economic loss relates only to his lost hours and wages. Additionally, Plaintiff has not alleged that he was not paid in accordance with his contract, which sets the wages per the union contract.

Accordingly, the Court grants Compass Health's motion for protective order on Topic 6.

5.  Topic 9

In Topic 9, Plaintiff seeks to depose Compass Health's corporate designee "for the period of 2019 to present, employment records, job descriptions, compensation, work performance, discipline, and trainings (including trainings regarding equal opportunity, bias, racism, racial comments, harassment, discrimination, retaliation, employee complaints and grievances) of: Plaintiff, Heidi Zosel, Alyson Batchelder-Bestle, Laura Savage, Nichole Torres, Lisa Zurich, Chris Starets-Foote, Stacy Alles, and Tom Sebastian."

Plaintiff agreed to replace Topic 9 with the following:

> From January 1, 2015 to the present, complaints, statements, grievances, or concerns about discrimination, harassment, and retaliation, against Heidi Zosel, Alyson Batchelder-Bestle, Laura Savage, Lisa Zurek, Crystal Garmon, Compass

---

[1] Plaintiff argues that Compass Health raised no objection to Topic 6 prior to the filing of its motion for protective order. However, the parties have sufficiently briefed the dispute for the Court's consideration and Compass Health raised several objections to similar requests to discover wage information of employees not similarly situated.

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER - 10

>Health, and employees of Compass Health (who worked at a Bellingham location at the time of the complaint, statement, grievance, or concern), including the nature of any investigations; information discovered; conclusions reached; decisions made; remedial actions; and disciplinary actions.

Dkt. 25-2 Exhibit 8.

Compass Health moved to limit Topic 9 as to Tom Sebastian, the CEO of Compass Health because Mr. Sebastian did not work directly with Plaintiff, has no firsthand knowledge of the facts underlying Plaintiff's claims, had no contact with Plaintiff or the coworkers and managers who allegedly harassed Plaintiff, had no role in rescinding Plaintiff's jail access, and has not been brought up in the pleadings, discovery, or in documents directly relevant to the case.

Plaintiff argues that he wants to question the corporate representative as to "higher level descriptions" of Mr. Sebastian's job such as directives he may have received from the board or sent to the company regarding racism and discrimination. Dkt. 25, pp. 10-11. Plaintiff also notes that Mr. Sebastian's salary is publicly available from online sources and company tax filings. *Id.*, p. 11. However, Plaintiff has already agreed to limit the scope of Topic 9 and the revised Topic 9 omitted any reference to Tom Sebastian. *See* Dkt. 25-2, Exhibit 8. In his response, Plaintiff also agreed to withdraw the portion of Topic 9 pertaining to Stacy Alles and requests to include Greg Melrose the co-worker who sought Plaintiff's help regarding the client/patient at the center of the alleged confidentiality breach. *Id.*

Therefore, Compass Health's motion for protective order as to Tom Sebastian and Stacy Alles appears to be moot. However, to avoid any confusion, the Court grants Compass Health's motion for protective order to exclude Tom Sebastian and Stacy Alles from the scope of Topic 9 and grants Plaintiff's request to include Greg Melrose within the scope of Topic 9.

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER - 11

6. Topic 12

In Topic 12, Plaintiff seeks to depose Compass Health's corporate designee as to any "complaints, statements, grievances or concerns about discrimination, harassment, retaliation, against Heidi Zosel, Alyson Batchelder-Bestle, Laura Savage, Lisa Zurek, Crystal Garmon (may be spelled differently), Compass Health, and employees of Compass Health at a Bellingham location, including: the nature of any investigations; information discovered; conclusions reached; decisions made; remedial actions; and disciplinary actions." Dkt. 24, Stone Decl., Exhibit A.

Compass Health objects to Topic 12 as it is not narrowed in time or substance. Compass Health requests Topic 12 be limited to race-based complaints involving the parties in question, Heidi Zosel and Alyson Batchelder-Bestle. Compass Health also notes that as written, Topic 12 would require it to spend a minimum of a full, uninterrupted day to review all files and investigations.

Plaintiff argues that he is entitled to discovery relating to company-wide practices as these may reveal patterns of discrimination against a group of employees. Plaintiff also agreed to limit this topic in time from January 1, 2015 to the present. *See* Dkt. 25-2, Exhibit 8.

The Court agrees that Plaintiff is entitled to discovery as described in Topic 12, but a request as to all complaints is overly broad and therefore, grants Compass Health's motion to limit this topic. The Court concludes that Topic 12 shall be narrowed in time (from January 1, 2015 to the present as proposed by Plaintiff) and narrowed in scope to "complaints, statements, grievances or concerns about racial discrimination, harassment, and/or retaliation."

      7.     <u>Topic 14</u>

In Topic 14, Plaintiff seeks to depose Compass Health's corporate representative as to "Compass Health's efforts to comply with WLAD (RCW 49.60) and Title VII. Policies and procedures for collaboration and work sharing amongst JJBHT team members." Dkt. 25, Stone Decl., Exhibit A, p. 11.

Compass Health argues that Topic 14 is too broad. Plaintiff has requested all of Compass Health efforts to comply with WLAD and Title VII which could include trainings, individual conversations, reports, and investigations, on a wide range of complaints. Compass Health asks that the request be limited to how Plaintiff's claim was handled. Dkt. 21, p. 14.

Plaintiff agreed to limit the timeframe of Topic 14 to January 1, 2015 to the present. Dkt. 25-2, Cha Decl., ¶¶ 8, 9, Exhibits 8, 9. Plaintiff argues that the jury should be permitted to draw inferences from the efforts taken by the corporation to reduce or prevent racism from occurring and the priority the corporation assigned to the task. Dkt. 25, p. 12. Plaintiff also explains that he is interested in examining a witness regarding "company wide efforts taken within his chain of command and communications with the EEOC and Washington State Human Rights Commission. *Id.*

Based on these explanations, it appears Plaintiff seeks to inquire as to the steps taken by Compass Health to comply with the law when presented with complaints of racial discrimination. However, the scope of Topic 14 remains unclear. Plaintiff should review and amend Topic 14 to more clearly state the time period, scope, and intent. If there is further concern about Topic 14 after Plaintiff has served Compass Health with an amended Topic 14, the parties should meet and confer before asking for the Court's intervention.

        8.      <u>Topic 16</u>

In Topic 16, Plaintiff seeks to depose Compass Health's corporate representative as to "Compass Health's trainings, policies, and procedures regarding hiring, equal opportunity, bias, racism, harassment, discrimination, retaliation, employee complaints and grievances, and discipline." Dkt. 24, Stone Decl., Exhibit A, pp. 11-12.

Compass Health argues that Topic 16 is too broad and vague as Plaintiff fails to limit or define terms such as "Hiring," "Discipline," and "Employee Complaints and Grievances". Dkt. 21, p. 3. Compass Health requests that Topic 16 be limited to clinician positions at the Jail and to employee complaint, policies, and transfers related to racial discrimination. Compass Health also explains that the discovery sought within Topic 16 is not contained in a single file but is woven into various contracts which will require a detailed search through a significant number of files to find where the policies are located and to compare them to the contracts and employee handbook at the time each contract was in effect. *Id*., pp. 10-11.

Plaintiff previously agreed to limit Topic 16 to the timeframe of January 1, 2015 to the present. Dkt. 25-2, Cha Decl., Exhibits 8, 9. Plaintiff also contends that the jury may draw inferences of racism if Compass Health's response to his allegations, revocation of access, and other complaints and grievances varies from Compass Health's training policies and procedures. Dkt. 25, p. 12.

The Court agrees that the limiting the timeframe of Topic 16 to January 1, 2015 to the present as proposed by Plaintiff is appropriate. The Court also agrees that the scope of Topic 16 should be limited to complaints and grievances related to race discrimination. Accordingly, Compass Health's motion for protective order is granted to limit Topic 16 to complaints and grievances of race discrimination but is denied as to any further limitation.

<u>Conclusion</u>

Based on the foregoing, the Court grants in part and denies in part, Compass Health's motion for protective order (Dkt. 21) as follows:

1)  Topics 1, 4, 6, 9, 12 and 16, which are limited as set forth in this Order; and

2)  Topic 3 and 14 may be revised and re-served by Plaintiff within ten (10) days of this Order.

DATED this 16th day of February, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER - 15