1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRED A PULPHUS,

                Plaintiff,

     v.

COMPASS HEALTH, WHATCOM
COUNTY, WHATCOM COUNTY
SHERIFF'S OFFICE, WENDY JONES,

                Defendants.

CASE NO. 2:21-cv-00930-TL-BAT

**ORDER GRANTING MOTION TO
AMEND AND ADD PARTY**

Before the Court is the motion of Plaintiff Fred A. Pulphus to amend his complaint and

add a party. Dkt. 37. Defendants Wendy Jones, Whatcom County, Whatcom County Sheriff's

Office (the "Jail Defendants") do not oppose the motion. Dkt. 39. Defendant Compass Health

opposes the motion on the grounds of futility. Dkt. 40. Having carefully reviewed the parties'

filings, declarations, and balance of the record, the Court finds that leave to amend should be

granted.

<u>BACKGROUND</u>

On March 17, 2020, Plaintiff filed a charge with the Equal Employment Opportunity

Commission ("EEOC"). Dkt. 4, p. 25. A month later, Plaintiff made a complaint with his union,

SEIU. *Id*. On March 26, 2021, Plaintiff filed the original Complaint for discrimination against

Compass Health. Dkt. 4, pp. 9-17. On June 21, 2021, Plaintiff filed an Amended Complaint

against Compass Health, Whatcom County, Whatcom County Sheriff's Office, and Wendy

Jones. Dkt. 4, pp. 20-33. Plaintiff asserts six claims against Compass Health including hostile work environment and retaliation based on his race in violation of Washington's Law Against Discrimination, chapter 49.60 RCW. *Id.* Plaintiff asserts Fourteenth Amendment Due Process, Equal Protection, tortious interference, negligence and Washington Law Against Discrimination claims against the Jail Defendants. *Id.*

Until January 2022, Plaintiff was employed by Compass Health at the Whatcom County Jail (the "Jail") on the Jail/Juvenile Behavioral Health Team ("JJBHT") as a Mental Health Professional. Dkt. 4, p. 22. Compass Health provides behavioral and mental health services to adult and youth inmates at the Jail under a contract between Whatcom County and Compass Health. Dkt. 21, p. 10. This contract governed the work Plaintiff performed at the Jail.  In performing his duties, Plaintiff was required to have access to the Jail, which was provided by Jail Administrator Wendy Jones. According to LaJolla Peters, Human Resources Director for Compass Health, Defendant Wendy Jones had the authority to rescind that access any time for any reason related to the safety or security of the Jail and Jail staff. Dkt. 22, Declaration of LaJolla Peters, ¶ 5.

Also, according to Ms. Peters, Plaintiff's access to the Jail was rescinded in January 2020, after an employee reported to Defendant Jones that Plaintiff improperly went to the Jail, read the file of a juvenile detainee, and later shared details of the file with his coworkers in the Jail breakroom. Dkt. 22, Peters Decl. p. 2. Defendant Jones revoked Plaintiff's Jail access based on Plaintiff's breach of the juvenile detainee's rights to medical confidentiality and Compass Health transferred him to a similar position with the same pay and benefits. *Id.*

According to Plaintiff, his access to the Jail was rescinded after he made numerous reports of racism and harassment, including "to the CEO of Compass" and on November 11,

ORDER GRANTING MOTION TO AMEND
AND ADD PARTY - 2

1   2019, in an email and meeting with LaJolla Peters. Dkt. 4, p. 25.  Plaintiff asserts the charge

2   upon which his Jail access was rescinded is false and was improperly investigated by Compass

3   Health.

4            Plaintiff states that it was not until January 2022, that he became aware for the first time

5   that someone other than Defendant Jones was responsible for banning Plaintiff from the Jail.

6   Dkt. 37, p. 4. In January 2022, Defendant Jones testified that David Reynolds is the administrator

7   of the juvenile detention facility. Dkt. 37-1, Second Declaration of Y. Junga Cha, ¶ 6, Ex. D, p.

8   12, 86. Plaintiff has since learned that less than two hours after Defendant Jones sent the January

9   23 access revocation email, Laura Savage (Plaintiff's supervisor) forwarded the email to David

10  Reynolds. David Reynolds then sent out an email stating "please make sure staff knows he is not

11  to enter detention in any capacity. I will inform 5th floor staff as well." Dkt. 37-1, Second Cha

12  Decl., ¶ 17, Ex. 4. On April 12, 2020, during his deposition, David Reynolds testified that he had

13  the authority to revoke Plaintiff's access to the Jail and that he did so based on an email thread

14  and performed no other investigation. *Id.*, Cha Decl., ¶ 18.

15           In her deposition, Defendant Jones testified that Plaintiff's access to the jail could be

16  reinstated after Compass Health investigated the accusation. Dkt. 43, Third Cha Decl., Ex. 5 at

17  96:11-17; *see also id*. at 169:4-170:3; Cha Second Decl., Ex. D at 60:19-61:5 ("It was important

18  that I notify Compass that I was pulling access because of an allegation. The investigation part

19  would be done by Compass, not us."). Ms. Jones told Compass Health that "[w]e have pulled

20  access on a temporary basis and then reinstated it," and that "[i]n this case, I would think that if

21  Compass completed their investigation, and, if upon completion, determine the violation of

22  medical violation of medical confidentiality was valid, and took corrective action, we could

23  certainly discuss his coming back." *Id.*, Ex. F. Because Compass Health did not follow through

ORDER GRANTING MOTION TO AMEND
AND ADD PARTY - 3

1   on the delegation of authority, Plaintiff's access to the Jail was never reinstated. *Id.*, ¶¶ 3.34, 6.9;

2   Dkt. 43 Third Cha Decl. Ex. 5 at 169:4-170:19 ("No one [at Compass] has ever gotten back to

3   me."); Dkt. 37-1, Second Cha Decl. Ex. D at 211:19-212:25 ("[O]nce it was turned over to

4   Compass, I really didn't hear anything back.").

5         Plaintiff seeks leave to amend his complaint to add Whatcom County and Compass

6   Health as defendants under 42 U.S.C. § 1983 and to join David Reynolds as a defendant

7   potentially liable under the following claims: Second Cause of Action-Violation of Due Process,

8   42 U.S.C. Section 1983; Third Cause of Action-Violation of Equal Protection, 42 U.S.C. Section

9   1983; Fourth Cause of Action-Tortious Interference; Fifth Cause of Action-Violation of the

10   Washington Law Against Discrimination. Dkt. 37, p. 5.

11         In support of the foregoing causes of action, Plaintiff proposes to allege, *inter alia,* that

12   (1) his injuries resulted from the implementation or execution of a Whatcom County policy or

13   custom, whether made by its lawmakers or by the edicts and acts of Wendy Jones and David

14   Reynolds; (2) David Reynolds and Wendy Jones possessed final authority to establish Whatcom

15   County policy with respect to the revocation and reinstatement of Plaintiff's access; (3) the Jail

16   Defendants delegated or granted to Compass Health the responsibility and authority to grant or

17   deny Plaintiff's Fourteenth Amendment protections in the revocation and reinstatement of his

18   Jail access; (4) the Jail Defendants had no firsthand knowledge of Plaintiff's actions and did not

19   investigate the allegations prior to revoking his jail access or delegating or granting authority to

20   Compass Health; (5) Jail Defendants insinuated Whatcom County into a position of

21   interdependence with Compass Health in determining whether Plaintiff should have access to the

22   Jail; (6) under its contract with Whatcom County, Compass Health was to hire and manage

23   mental health care providers and Compass Health's failure to investigate properly and take

ORDER GRANTING MOTION TO AMEND
AND ADD PARTY - 4

appropriate action to reinstate Plaintiff fell within its role as contractor with Whatcom County; and (7) Jail Defendants and Compass Health acted jointly and conspired under color of law in denying Plaintiff's Fourteenth Amendment rights. *See*, *e.g.*, Dkt. 37-4, ¶¶ 6.4-6.10.

<u>DISCUSSION</u>

Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *See Foman v. Davis*, 371 US 178, 182 (1962); *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F3d 1109, 1117 (9th Cir. 2013). The court ordinarily considers five factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The court need not consider all of these factors in each case. *Atkins v. Astrue*, No. C 10-0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011). The third factor, however, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Jail Defendants do not oppose Plaintiff's proposed amendment. Although they note that futility of the proposed amendment may be a salient issue, they recognize that such challenges to the pleading are usually deferred until after leave to amend is granted and the amended pleading filed. Dkt. 39, p. 2. (citing *SAES Getters S.p.A. v. Aeronex, Inc*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)).

Compass Health does not object to Plaintiff's proposed amendment on grounds of bad faith, undue delay, prejudice, or prior amendment. Rather, it argues that it would be futile to

ORDER GRANTING MOTION TO AMEND
AND ADD PARTY - 5

allow Plaintiff to bring a 42 U.S.C. § 1983 claim because Compass Health is a private actor, not a state actor. Compass also contends the facts conclusively establish that it had no role in the alleged constitutional deprivation of Plaintiff's access to the Jail because that authority rested solely with Defendant Jones.

Courts freely give leave to amend "when justice so requires." *See Toland v. CNA Ins*., No. C19-5373 BHS, 2019 WL 6213302, at *1 (W.D. Wash. Nov. 21, 2019) (citation omitted). Motions for leave to amend are rarely denied on futility grounds. *See id*. ("Defendants present arguments on futility which are more appropriate to a fully-briefed motion to dismiss than to opposition to a motion for leave to amend."). "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Hofschneider v. City of Vancouver*, 182 F. Supp. 3d 1145, 1150 (W.D. Wash. 2016). It is also well established that "[a] party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *MidMountain Contractors, Inc. v. Am. Safety Indem. Co*., No. C10-1239JLR, 2013 WL 12116509, at *3 (W.D. Wash. May 7, 2013) (citation omitted); *see also id*. at *4 (rejecting futility argument because it "depends for its success on proof of facts which are hotly contested at this stage of the litigation, and therefore does not properly form the basis for denying a motion to amend").

Compass Health argues that the proposed Section 1983 claim is futile because it is not a state actor and because there is no vicarious liability under 42 U.S.C. § 1983.

A.    State Actor

Section 1983 imposes liability on individuals and entities that act "under color of law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are a "number of different factors or tests in

ORDER GRANTING MOTION TO AMEND
AND ADD PARTY - 6

1    different contexts," and the facts "which would convert the private party into a state actor

2    might vary with the circumstances of the case." *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 939

3    (1982). Ultimately, the question of whether a private party is acting "under color of law" is a

4    "necessarily fact-bound inquiry." *Id*. "Only by sifting facts and weighing circumstances can the

5    nonobvious involvement of the State in private conduct be attributed its true significance."

6    *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961).

7    The determination of whether a nominally private person or corporation acts under color

8    of state law "is a matter of normative judgment, and the criteria lack rigid simplicity."

9    *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96, 121 S.Ct. 924,

10   148 L.Ed.2d 807 (2001). "[N]o one fact can function as a necessary condition across the board

11   for finding state action; nor is any set of circumstances absolutely sufficient, for there may be

12   some countervailing reason against attributing activity to the government." *Id*.

13   The Ninth Circuit has recognized at least four different general tests that may aid in

14   identifying state action: "(1) public function; (2) joint action; (3) governmental compulsion or

15   coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)

16   (citation omitted). "Satisfaction of any one test is sufficient to find state action, so long as no

17   countervailing factor exists." *Id*. "Whether these different tests are actually different in operation

18   or simply different ways of characterizing the necessarily fact-bound inquiry that confronts the

19   Court in such a situation need not be resolved here." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S.

20   922, 939, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

21   "The public function test is satisfied only on a showing that the function at issue is 'both

22   traditionally and exclusively governmental.'" *Kirtley*, 326 F.3d at 1093 (quoting *Lee v. Katz*, 276

23   F.3d 550, 555 (9th Cir. 2002)). The close nexus and joint action tests may be satisfied where the

ORDER GRANTING MOTION TO AMEND
AND ADD PARTY - 7

1    court finds "a sufficiently close nexus between the state and the private actor 'so that the action

2    of the latter may be fairly treated as that of the State itself,'" or where the State has "so far

3    insinuated into a position of interdependence with the [private party] that it was a joint

4    participant in the enterprise." *Jensen*, 222 F.3d at 575–58 (quoting *Jackson v. Metro. Edison Co.*,

5    419 U.S. 345, 350, 357–58, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). Governmental compulsion or

6    coercion may exist where the State "has exercised coercive power or has provided such

7    significant encouragement, either overt or covert, that the choice must in law be deemed to be

8    that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).

9    At bottom, the inquiry is always whether the defendant has "exercised power 'possessed by

10   virtue of state law and made possible only because the wrongdoer is clothed with the authority of

11   state law.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quoting

12   *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)).

13          Compass Health argues that Plaintiff's proposed amendment is futile primarily, because

14   "Jones and only ones could revoke [Plaintiff's] access to the Jail." Dkt. 40, p. 8. However,

15   Plaintiff alleges in his proposed Second Amended Complaint, that while the Jail Defendants had

16   final authority to revoke and reinstate his jail access, they delegated that authority to Compass

17   Health to investigate the accusation and if found to be valid, to address it so Plaintiff's access

18   could be restored. Dkt. 37-4, ¶¶ 3.31, 6.4-6.6, 6.8, 7.7-7.8. Plaintiff contends that the facts

19   revealed in discovery indicate that the Jail relied on Compass Health, with whom it had

20   contracted to provide and manage mental health care providers, to investigate the allegations

21   leading to the revocation and/or reinstatement of Plaintiff's jail access. Plaintiff alleges that the

22   Jail Defendants had an affirmative duty to provide Plaintiff with due process which they

23   delegated to Compass Health. Plaintiff bases these allegations on the testimony of Defendant

Jones . . . "[t]he investigation part would be done by Compass, not us." Dkt. 37-1, Second Cha

Decl., Ex. D at 61:1-2. Compass's resolution of the accusation against Plaintiff was a critical step

in the reinstatement of Plaintiff's jail access. Dkt. 43, Third Cha Decl. at 169:11-170:6 (testifying

that if Compass "told me there's nothing to it, then I would say, okay, then there's no reason to

prevent that access").

Based on the foregoing, the court concludes that Plaintiff has sufficiently alleged facts, at

this stage in the proceeding, to infer a sufficiently close nexus and/or joint participation of

Compass Health with Whatcom County.

B. _Monell_ – Vicarious Liability

Compass Health also argues that Plaintiff's proposed § 1983 claims fail under *Monell*

because Compass Health cannot be held vicariously liable for the alleged actions of one or more

of its employees. In *Monell,* the Supreme Court has held that the doctrine of respondent superior

is not a basis for rendering municipalities liable under §1983 for the constitutional torts of their

employees. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 664-65, 98 S. Ct. 2018, 2022-23, 56

L.Ed.2d 611, 619 (1978); *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 105 L. Ed. 2d 598, 109

S. Ct. 2702 (1989). Additionally, the Court found that Congress did not intend municipalities to

be held liable unless action pursuant to an official policy caused the constitutional tort. *Id*. at 36.

Plaintiff's proposed claims against the municipality Whatcom County are not at issue

here. As previously noted, the Jail Defendants do not oppose Plaintiff's motion to amend. In

addition, Plaintiff does not allege that Compass Health is vicariously liable but is directly liable

because it failed to investigate the accusation which led to rescission of his Jail access and failed

to take appropriate corrective action. Dkt. 37-3, ¶¶ 6.4-6.10. Plaintiff also alleges that based on

the facts developed in discovery, Compass acted with deliberate indifference to Plaintiff's due

process right. *Id.*, ¶¶ 6.11-6.15.

CONCLUSION

Based on Plaintiff's proposed allegations and the fact-intensive inquiry into whether a private party can be held liable under Section 1983, the Court concludes that Compass Health's challenges to the proposed pleading are more appropriately reserved for summary judgment. *See, e.g., Savin v. City & County of San Francisco*, No. 16-cv-05627-JST, 2017 WL 2686546, at *5 (N.D. Cal. June 22, 2017) ("Leave to amend should be given freely, and amendment would not be futile in this instance because the state action element of Section 1983 liability is heavily fact-intensive."); *Riley v. Modesto Irr. Dist.*, No. CV F 10-2281 AWI GSA, 2011 WL 1459154, at *2-3 (E.D. Cal. Apr. 15, 2011) (granting leave to amend where defendants presented "no argument to support the finding that no set of facts exist" under which they could be held liable under a conspiracy theory as private parties under section 1983).

Accordingly, the Court **GRANTS** Plaintiff's motion to amend (Dkt. 37). Plaintiff is directed to file his Second Amended Complaint within ten days of this Order.

DATED this 19th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND
AND ADD PARTY - 10